UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 21-cv-60507

D.C., individually and on behalf
of J.C., a minor

      Plaintiffs,

vs.

BROWARD COUNTY SCHOOL BOARD,

      Defendant.

                                     /

**DEFENDANT, BROWARD COUNTY SCHOOL BOARD'S, MOTION FOR
SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

Defendant, BROWARD COUNTY SCHOOL BOARD ("School Board"), by and through

its undersigned attorneys and pursuant to Federal Rule of Civil Procedure 56(b), and Local Rule

56.1, moves for the entry of an order granting final summary judgment in its favor with respect to

all claims asserted in the Complaint (ECF No. 1), filed by D.C. ("Parent"), individually and on

behalf of J.C. ("Student"), a minor (collectively, "Plaintiffs"), and as grounds states:[1]

## I.     INTRODUCTION

1.     This case is brought by the mother of a child who is enrolled in the Broward County

Public School System. The Student has been found to be eligible for exceptional student education

("ESE") services under the Individual with Disabilities in Education Act ("IDEA"). See Facts at

¶ 4. The IDEA is a comprehensive federal statute that ensures that disabled children "have

available to them a free appropriate public education." 20 U.S.C. § 1400(d)(1)(A).

---

[1] In accordance with this Court's Local Rule 56.1(a), the School Board concurrently has filed a
Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment. The
undisputed facts upon which this motion is based are cited as: (Facts at ¶ #.).

2.      In the Complaint, the Plaintiffs assert claims for (1) breach of mediated settlement agreement (Count I), (2) discrimination under the Title II of the Americans with Disabilities Act ("ADA") (Count II), (3) discrimination under § 504 of the Rehabilitation Act (Count III), and (4) discrimination under the Florida Educations Equity Act (Count IV). See Facts at ¶ 20.

3.      Although the Plaintiffs do not expressly assert a claim under the IDEA, all of the claims raised in the Complaint are based on rights associated with the Student's ESE services provided under the IDEA. See Facts at ¶ 7.

## II.    MOTION

4.      The pleadings, depositions, answers to interrogatories, affidavits, and other documents on file demonstrate that there is no genuine issue as to any material fact and that the School Board is entitled to judgment as a matter of law with respect to all claims asserted in the Complaint.

5.      The School Board is entitled to judgment as matter of law with respect to all claims for the following reasons:

(a)      The Plaintiffs did not exhaust their state administrative remedies by participating in a due process hearing prior to filing this lawsuit, which is a requirement given that the "gravamen" of the Complaint falls under IDEA. See Fry v. Napoleon Cmty. Schs., 137 S.Ct. 743, 749, 197 L.Ed.2d 46 (2017), School Bd. of Lee County, Fla. v. M.M., 348 Fed.Appx. 504, 512 (11th Cir.2009); J.P. v. Cherokee Cnty. Bd. of Educ., 218 Fed. Appx. 911, 913 (11th Cir. 2007) (citation omitted).  Instead, the Plaintiffs simultaneously pursued (and partially prevailed) in a parallel administrative proceeding raising identical allegations under the IDEA.  See J.C. v. Broward County School Board, Case No: 21-0862 (Fla. Div. of Admin. Hear.) (Administrative

Proceeding"). No basis exists for the Plaintiffs to continue proceeding with this case, which is duplicative of the Administrative Proceeding.

(b) The undisputed material facts fail to establish prima facie cases for claims under the ADA, the Rehabilitation Act, and the Florida Educational Equity Act.

7. Based on the foregoing, the School Board is entitled to judgment as a matter of law.

WHEREFORE, Defendant, SCHOOL BOARD OF BROWARD COUNTY, requests entry of an Order granting final judgment in its favor with respect to all claims asserted in the Complaint, together with such further relief the Court deems just and proper.

### III. MEMORANDUM OF LAW

**A. The School Board is Entitled to Judgment in its Favor Because Plaintiffs Failed to Exhaust Their Administrative Remedies Prior to Filing Suit**

The IDEA ensures that disabled children "have available to them a free appropriate public education." 20 U.S.C. § 1400(d)(1)(A). "Under the IDEA, an individualized education program, called an IEP for short, serves as the primary vehicle for providing each child with the promised [free appropriate public education]." Fry, 137 S.Ct. at 749 (quotation marks omitted). An IEP is a written statement of the child's level of academic achievement, goals, and special education services to be provided to the child. CP, 483 F.3d at 1153.

The IDEA does not "restrict or limit the rights, procedures, and remedies" that are available to disabled children under the ADA and Section 504. 29 U.S.C. § 1415(l); Fry, 137 S. Ct. at 750. But the IDEA does contain a comprehensive and carefully-tailored administrative process for resolving disputes involving a school's provision of a FAPE. See 29 U.S.C. § 1415(f), (g). "The philosophy of the IDEA is that plaintiffs are required to utilize the elaborate administrative scheme established by the IDEA before resorting to courts to challenge the actions of the local school

authorities."[2] N.B. by D.G. v. Alachua Cty. Sch. Bd., 84 F. 3d 1376, 1378 (11th Cir. 1996); M.T.V. v. DeKalb Cty. Sch. Dist., 446 F.3d 1153, 1160 (11th Cir. 2006).

The Eleventh Circuit has made clear that "plaintiffs are required to utilize the elaborate administrative scheme established by the IDEA before resorting to the courts to challenge the actions of local school authorities." N.B. v. Alachua County Sch. Bd., 84 F.3d 1376, 1378 (11th Cir. 1996) (internal quotations and citation omitted). "[B]ecause exhaustion is a prerequisite to the civil action contemplated by § 1415(l), a parent's failure to exhaust administrative remedies by requesting and participating in a due process hearing will result in dismissal of the civil action." J.P. v. Cherokee Cnty. Bd. of Educ., 218 Fed. Appx. 911, 913 (11th Cir. 2007) (citation omitted); School Bd. of Lee County, Fla. v. M.M., 348 Fed.Appx. 504, 512 (11th Cir.2009); N.B., 84 F.3d at 1378; Ass'n for Retarded Citizens of Ala. v. Teague, 830 F.2d 158, 160 (11th Cir. 1987).

The Eleventh Circuit has held that the "IDEA's exhaustion requirement" applies to a "'broad' spectrum of claims." A.L. ex rel. P.L.B. v. Jackson County School Bd., 543 Fed.Appx. 1002, 1005 (11th Cir. 2013). The Eleventh Circuit explained that the "exhaustion requirement applies to claims asserting the rights of disabled children under not only the IDEA, but also the Americans with Disabilities Act (ADA), § 504 of the Rehabilitation Act, and the Constitution."

---

[2] There are four "[k]ey reasons" for this pre-suit requirement:

> 1) to permit the exercise of agency discretion and expertise on issues requiring these characteristics; 2) to allow the full development of technical issues and a factual record prior to court review; 3) to prevent deliberate disregard and circumvention of agency procedures established by Congress; and 4) to avoid unnecessary judicial decisions by giving the agency the first opportunity to correct any error.

N.B., 84 F.3d at 1378-79.

Id. at n. 4 (citing M.T.V., 446 F.3d at 1157–58) ("any student who wants relief that is available under the IDEA must use the IDEA's administrative system, even if he invokes a different statute") (citations and internal quotations marks omitted); M.M., 348 Fed. Appx. at 512 (finding that the parents' "claims of retaliation and deprivation of civil rights brought under 42 U.S.C. § 1983 and Section 504 of the Rehabilitation Act, and their claim that the Board breached the terms of the Settlement Agreement" were properly dismissed for failure to exhaust under the IDEA administrative scheme).

The exhaustion requirement also applies to claims under the Florida Educational Equity Act. T.W. v. Franklin Cty. Sch. Bd., No. 4:16CV29-RH/CAS, 2016 WL 4536408, at *2 (N.D. Fla. Aug. 30, 2016); Zuniga v. City of Hialeah, 103 F.3d 988, 990 (Fla. 3d DCA 2012).

Even when a plaintiff does not bring claims under the IDEA, courts must look at the relief requested to determine whether the relief is available under the IDEA such that exhaustion of administrative remedies is required. Babicz v. School Bd. of Broward County, 135 F.3d 1420, 1422 n. 10 (11th Cir.1998) ("any student who wants 'relief that is available under' the IDEA must use the IDEA's administrative system, even if he invokes a different statute"; invoking Section 504 of the Rehabilitation Act or the Americans with Disabilities Act).

The Supreme Court discussed in Fry when a plaintiff must meet these exhaustion requirements for conduct prohibited by both the ADA and IDEA. 137 S. Ct. at 748. It ruled the plaintiffs need not exhaust the IDEA's administrative requirements if the "gravamen" of the "suit is something other than the denial of the IDEA's core guarantee—what the Act calls a 'free appropriate public education.'" Id. The Supreme Court explained how to determine whether the gravamen of the complaint falls under the IDEA:

5

> One clue to the gravamen of a complaint can come from asking a pair of hypothetical questions. First, could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was not a school? Second, could an adult at the school have pressed essentially the same grievance?

Id. at 756. If yes to both, then the IDEA's exhaustion requirements do not apply, and the plaintiffs can sue under the ADA or the Rehabilitation Act. Id. If no to either, then the IDEA's exhaustion requirements apply, and the plaintiffs cannot sue until they exhaust these requirements. Id.; Georgia Advoc. Off. v. Georgia, 447 F. Supp. 3d 1311, 1324 (N.D. Ga. 2020).

The School Board is entitled to judgment in its favor because the Plaintiffs did not comply with the IDEA's exhaustion requirement prior to filing suit. Here, the "gravamen" of the Complaint falls under IDEA.  The Plaintiffs asserted four claims: (1) breach of mediated settlement agreement, (2) discrimination under the ADA, (3) discrimination under § 504, and (4) discrimination under the Florida Educations Equity Act. See Facts at ¶ 4. A review of the allegations in these claims confirms that they could not be brought if the alleged conduct had occurred at a public facility that was not a school nor could an adult at the school have pressed the same grievance.

The breach of the mediated settlement agreement claim is based on alleged breaches of the Agreement. The Agreement resulted from a state mediation process that the Parent invoked to address her concerns regarding violations of the IDEA. See Facts at ¶ 7. Moreover, according to the Parent, the alleged breaches of the Agreement are material because of their impact on the Student's education. See Facts at ¶ 21; ECF No. 1 at ¶ 58 ("The culminating impact of the multiple breaches is material and are having a direct impact on J.C.'s **ability to access his <u>education</u>, <u>educational</u> environment, or make any <u>meaningful</u> <u>progress</u> during the <u>school</u> <u>day</u>**.") (emphasis added), at ¶ 59 ("The district is now attempting to circumvent the provisions of the

agreement by drafting a new **IEP** without **meaningful parent participation** or input.") (emphasis added).

The allegations regarding the ADA and § 504 claims are similarly focused on educational rights conferred by the IDEA. In the ADA claim, the Plaintiffs claim that the School Board's obligation from the Agreement -- a product of an IDEA dispute -- to utilize the AAC device and then the School Board's alleged removal of the supports "for the AAC device in the next IEP" constituted discrimination under the ADA. See Facts at ¶ 22; ECF No. ¶ 67. Similarly, in the § 504 claim, the Plaintiffs claim that the School Board "discriminated against J.C. in violation of Section 504 of the Rehabilitation Act on the basis of his disabilities by not utilizing J.C.'s approved AAC device and further isolating J.C. from his peers, or providing him equal access to his education, or any meaningful benefit of the programs and services offered by the district." See Facts at ¶ 22; ECF No. 1 at ¶ 79.

Finally, the allegations in the Florida Educational Equity Act claim also focus on alleged failures by the School Board to provide educational services. The Plaintiffs allege that "[t]he discriminatory acts and omissions by the Defendant resulted in the exclusion from participation in, benefits and access to some of the public-school programs." See Facts at ¶ 23.

Thus, the allegations in the Complaint confirm that all of the Plaintiffs' claims involve, at their core, alleged failings regarding educational rights conferred under the IDEA. None of these claims could be brought if the alleged conduct had occurred at a public facility that was not a school, and none of these claims could be brought by an adult at the school. As a result, the answer to both Fry questions is "no," and the Plaintiffs are required to exhaust these claims through an administrative proceeding before filing suit. See M.M., 348 Fed.Appx. at 512 (finding that the

parents' "claims of retaliation and deprivation of civil rights brought under 42 U.S.C. § 1983 and Section 504 of the Rehabilitation Act, and their claim that the Board breached the terms of the Settlement Agreement" were properly dismissed for failure to exhaust under the IDEA administrative scheme).   Because the Plaintiffs did not exhaust their administrative remedies prior to filing suit, the School Board is entitled to judgment in its favor.

The Student's simultaneous pursuit of the Administrative Proceeding merely confirms that the Complaint should be dismissed for a failure to exhaust.  A review of the allegations in the Complaint and the finding the Final Order from the Administrative Proceeding confirm that the involved the same underlying factual allegations.  Comp. ECF No. 1 and Ex. 1 (Amended Final Order).

Not only does the Administrate Proceeding Involve the same factual allegations, but the Student presented the § 504 and the ADA claim to the Administrative Law Judge in the Administrative Proceeding.   In the Administrative Proceeding, the Student submitted a Proposed Final Order, asserting that the School Board "discriminated against JC and his parents in violation of Section 504 for acting and failing to act with deliberate indifference towards JC's education." Ex. 6 (Proposed Final Order) at 42.   The Student also noted that the School Board's alleged conduct "would also be a violation of Title II under the ADA."   Ex. 6 (Proposed Final Order) at 45 n20.   The Student's assertion that the alleged facts adduced during the hearing on the Administrative Proceeding involved the same underlying facts in this litigation and established claims under § 504 and ADA confirms that the Plaintiffs were required to exhaust these claims before filing suit in federal court.

8

Moreover, the Student partially <u>prevailed</u> in the Administrative Proceeding on the IDEA claims.  The ALJ found in favor of the Student on the IDEA claims and ordered that (1) the Student was entitled to compensatory education for each full day of school between June 2022 and January 2021 and (2) that the School Board must convene a meeting to draft a new IEP.  <u>See</u> Facts at ¶¶ 37-38.  The ALJ also rejected the Plaintiffs' claim under § 504, and denied J.C.'s claim under § 504 of the Rehabilitation Act.  Ex. 1 (Amended Final Order) at ¶ 64.

Following the entry of the Final Order , either party may bring a civil action in District Court to seek review of the ALJ's final order.  20 U.S.C. § 1415(i)(2)(A).  Regardless, the Complaint remains subject to dismissal in its current form for a failure to exhaust notwithstanding any parties right to seek review of the Final Order.

### B.   The Plaintiffs ADA and § 504 Claims Fail as a Matter of Law

Title II of the ADA and § 504 of the Rehabilitation Act forbid discrimination on the basis of disability in the provision of public services. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Similarly, § 504 states that "[n]o otherwise qualified individual with a disability in the United States, ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794.

Discrimination claims under the ADA and the Rehabilitation Act are governed by the same standards.  <u>J.S., III by & through J.S. Jr. v. Houston Cty. Bd. of Educ.</u>, 877 F.3d 979, 985 (11th

Cir. 2017); Cash v. Smith, 231 F.3d 1301, 1305 (11th Cir. 2000). To state a claim under the ADA and the Rehabilitation Act, a plaintiff must demonstrate "(1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability." Bircoll v. Miami-Dade Cty., 480 F.3d 1072, 1083 (11th Cir. 2007).

"[C]ompensatory damages [like those sought by the Plaintiffs] are precluded in cases of unintentional discrimination, but are permissible on a showing of intentional discrimination." Wood v. President & Trs. of Spring Hill Coll. in City of Mobile, 978 F.2d 1214, 1219–20 (11th Cir. 1992) (addressing § 504 claim); W.C. ex rel. Sue C. v. Cobb Cnty. Sch. Dist., 407 F.Supp.2d 1351, 1363 (N.D.Ga.2005) (same); see also J.D.P. v. Cherokee Cnty., Ga. Sch. Dist., 735 F. Supp. 2d 1348, 1364 (N.D.Ga.2010) (extending principle to ADA claims).  In the Eleventh Circuit, intentional discrimination claims under the ADA and the Rehabilitation Act are subject to a standard of deliberate indifference, which requires the plaintiff to prove that "the defendant knew that harm to a federal protected right was substantially likely and that the defendant failed to act on that likelihood." Ms. H. v. Montgomery Cnty. Bd. of Educ., 784 F.Supp.2d 1247, 1262 (M.D.Ala.2011) (Albritton, J.) (quoting T.W. ex rel. Wilson v. Sch. Bd. of Seminole Cnty., Fla., 610 F.3d 588, 604 (11th Cir. 2010)).  "A plaintiff must also demonstrate some bad faith or gross misjudgment by the school or that he was discriminated against solely because of his disability." W.C. ex rel. Sue C. v. Cobb Cnty. Sch. Dist., 407 F. Supp. 2d 1351, 1363-64 (N.D. Ga. 2005) (citing N.L. ex rel. Mrs. C. v. Knox County Sch., 315 F.3d 688, 695 (6th Cir. 2003)); K.I. v. Montgomery Pub. Sch., 805 F.Supp.2d 1283, 1292 (N.D. Ala. 2011).

10

"To prove discrimination in the education context, something more than a mere failure to provide the 'free appropriate education' required by [IDEA] must be shown."   Sellers v. Sch. Bd. of City of Mannassas, Va., 141 F.3d 524, 529 (4th Cir. 1998) (internal quotation marks and citation omitted); J.S., 877 F.3d at 985–86.   "A defendant's "good faith attempts to pursue legitimate ends are not sufficient to support an award of compensatory damages under section 504."   Wood, 978 F.2d at 1219.

The factual allegations in this case do not establish prima facie claims under the ADA and the Rehabilitation Act for two reasons. First, the undisputed material facts in this case confirm that the Plaintiffs claims were based on nothing more than a dispute with the School Board regarding the educational services being provided to a student under the IDEA. See Facts at 20-23; ECF No. 1 at ¶¶ 24, 58-59, 67, 79, 85. These facts amount to nothing more than a charge that the School Board has denied the Student a FAPE, which are insufficient to state claims under the ADA and the Rehabilitation Act.

Second, the School Board submits that the allegations simply do not rise to a level the deliberate indifference as that term is defined in the Eleventh Circuit. To rise to the level of deliberate indifference, the Plaintiffs must allege that the School Board knew that harm to a federal protected right was substantially likely yet failed to act on that likelihood and some conduct constituting bad faith or gross misjudgment. See T.W., 610 F.3d at 604; Ms. H., 784 F.Supp.2d at 1262; W.C., 407 F. Supp. 2d at 1363-64. The undisputed material facts in this case portray a typical dispute between a parent and a school district over educational services, this fails to meet the necessary standard under the law.

11

The ALJ determined the same in rejecting the Student's § 504 claim.   The ALJ noted that the School Board's "efforts fell short of materially implementing the June 2020 IEP, but did not reflect, nor did Petitioner establish deliberate indifference."   Ex. #1(Amended Final Order) at 23. Thus, the School Board is entitled to judgement entered in its favor on these claims.

### C.   The Florida Educational Equity Act Claim Fails for the Same Reasons

The Florida Educational Equity Act, § 1000.05, Florida Statutes, prohibits disability discrimination in public education. The Act "is patterned after Title IX and prohibits discrimination based on race, national origin, sex, handicap, or marital status against any student or employee in the state system of public education." Hawkins v. Sarasota County Sch. Bd., 322 F.3d 1279, 1286 (11th Cir.2003).   The FEEA expressly renounces any intention "to eliminate the provision of programs designed to meet the needs of ... students with disabilities ...." Fla. Stat. § 1000.05(2)(c).

Just as with the ADA and the Rehabilitation Act, a plaintiff asserting a claim under the Florida Educational Equity Act must allege something more than a mere denial of FAPE and must establish at least "deliberate indifference."   C.P. v. Leon Cty. Sch. Bd., No. 4:03CV65-RH/WCS, 2005 WL 6074568, at *4 (N.D. Fla. Aug. 27, 2005) (citing Hawkins, 322 F.3d at 1284).   For the reasons explained above, the Plaintiffs failed to meet this standard, and the Court must enter judgment in favor of the School Board on the Florida Educational Equity Act claim.

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of February, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of records or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

JOHNSON, ANSELMO, MURDOCH, BURKE, PIPER & HOCHMAN, P.A.
*Counsel for Defendants*
2455 East Sunrise Boulevard, Ste. 1000
Fort Lauderdale, FL 33304
Telephone: 954-463-0100

BY*: /s/ Hudson C. Gill*
    MICHAEL T. BURKE
    Florida Bar No. 338771
    HUDSON C. GILL
    Florida Bar No. 15274

13

## SERVICE LIST

Stephanie Langer, Esq.
DISABILITY INDEPENDENCE GROUP, INC.
2990 Southwest 35th Avenue
Miami, Florida 33133
Phone (305) 669-2822
Facsimile (305) 442-4181
SLanger@justdigit.org
aa@justdigit.org

---

Michael T. Burke, Esquire
Hudson C. Gill, Esquire
Johnson, Anselmo, Murdoch, Burke,
Piper & Hochman, P.A.
2455 East Sunrise Boulevard, Ste. 1000
Ft. Lauderdale, FL 33304
Telephone:   954-463-0100
Burke@jambg.com
Cardona@jambg.com
hgill@jambg.com
diaz@jambg.com