UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 21-cv-60507

D.C., individually and on behalf
of J.C., a minor

       Plaintiffs,

vs.

BROWARD COUNTY SCHOOL BOARD,

       Defendant.

_____/

**PLAINTIFF'S RESPONSE TO THE COURT'S RENEWED ORDER TO SHOW CAUSE**

COMES NOW, the Plaintiffs, by and through the undersigned counsel, and in an abundance of caution, hereby files this delayed Response to the Court's Renewed Order to Show Cause (ECF No.: 60) as follows:

This matter was originally filed on March 4, 2021, for breach of a mediated settlement agreement entered into with the defendant on May 7, 2020, which set forth the needs of the Plaintiff, J.C., a disabled student. The defendant failed to implement the educational and training program agreed to by the parties in violation of the settlement agreement as well as the Americans with Disabilities Act, Section 504 of the Rehabilitation Act and Florida's Educational Equity Act. (ECF No. 1). Almost immediately the defendant filed a motion to dismiss on March 29, 2021. (ECF No. 9). The Plaintiffs filed a response (ECF No. 13) and the defense filed a reply (ECF No.15). The parties engaged in discovery and mediation. In addition, on January 18, 2022, the Plaintiffs successfully sued the defendant in administrative court under the Individuals with Disabilities Education Act (IDEA). The Administrative Law Judge, in a 27 page order, found that

1

the defendant violated the IDEA for failing to meaningful implement the student's individualized education plan and for denying the parent's meaningful participation when it draft an IEP without them.

In this case, on February 15, 2022, the defendant filed a Motion for Summary Judgment (ECF No. 38) and the Plaintiffs filed a response (ECF No. 41). The defendant sought several extensions of time to file a reply. On March 29, 2022, the Plaintiffs filed a second administrative complaint against the district for its continued violations of the IDEA.

On March 30, 2022, sua sponte, this Court issued an Order staying the case and termination the two pending motions. (ECF No. 46). On April 5, 2022, the defendant filed a motion for an extension of the court ordered stay as the parties were attempting to draft a new individualized education plan as ordered by the Administrative Law Judge back in January. (ECF No. 47). The extension was granted. (ECF No. 48).   In May 2022 the parties reached a settlement, however the terms needed to be approved by the school board. The first opportunity to present the settlement agreement to the Board was in July 2022. A joint motion to stay this case was filed on June 2, 2022. (ECF No. 52). A notice of settlement was filed on July 21, 2022 (ECF No. 54) and a Joint Motion to Approve the Settlement was filed on July 21, 2022. (ECF No. 55).

On October 12, 2022, this Court issued an Order to Show Cause raising the issue of this Court's jurisdiction to approve the global settlement. (ECF. No. 57). A Joint Response was filed on October 18, 2022. (ECF No. 58). As stated in the response, Plaintiffs have always maintained that this Court had jurisdiction. See generally ECF No. 13 and ECF No. 41. The Plaintiffs maintained that the defendant's arguments that administrative preconditions had not been properly exhausted were without merit and/or that exhaustion would be futile and inadequate. Id. This Court

renewed its Order to Show cause on October 24, 2022 (ECF No. 60) and a response was filed on October 28, 2022. (ECF No. 62). The Plaintiffs did not file a separate response but rather joined the response filed by the defendant. See ECF No. 60 at pg. 6. The Plaintiffs did not agree with the defendant's arguments found at sections 3 and 4 of the response so a joint response was not filed.

Recently, the undersigned learned that this Court might have raised concerns that the Plaintiffs had not filed a more substantial response to the Court's renewed Order to Show Cause so in an abundance of caution, this Response is being filed.

The Plaintiffs maintain that this Court has always had jurisdiction in this case, and thus has jurisdiction to determine if the global settlement agreement is in the best interest of the child. See Wilson v. Griffiths, 811 So. 2d 709, 712 (Fla. 5th DCA 2002) (the only court having jurisdiction to approve the settlement of a minor's claim is the court in which the action is pending); Maugeri v. Plourde, 3096 So. 2d 1215, 1216 (Fla. 3d DCA 1981) (same); Meyers v. U.S., No. 6:13-cv-1555-Orl-41TBS, 2014 WL 5038585, at *2 (M.D. Fla. Sept. 24, 2014) (recognizing court has jurisdiction over a settlement involving minor's claims because it was the court in which action was filed); Perez v. 1st and 10 Sports Bar & Grill, No. 13-80912-CV-MIDDLEBROOKS, 2016 WL 8539789 at *1 (S.D. Fla. April 18, 2016) (same). See also In re Smith, 926 F.2d 1027, 1028–29 (11th Cir. 1991)("In determining whether to approve a proposed settlement, the cardinal rule is that the…Court must find that the settlement is fair, adequate, and reasonable and is not the product of collusion of the parties.").

The original administrative case is closed and while the second administrative case is stayed pending the approval of this settlement, the defendant has argued that the administrative court is not considered a court of competent jurisdiction for purposes of approving a global

3

settlement involving two federal cases citing Sch. Bd. of Broward Cnty., Fla. v. C.B., 315 F. Supp. 3d 1312, 1320 (S.D. Fla. 2018) to support its position. Plaintiff's counsel is not in agreement with the defendant's position on this issue but did not engage in an unnecessary argument with defense counsel as it is undisputed by both parties that this Court has jurisdiction. The second federal case is stayed pending the outcome of the approval of the global settlement by this Court. As this Court noted in its Order Denying the Motion to Transfer and Consolidate (ECF No. 61), the instant case is the earlier filed action. Had the second federal case continued, the Plaintiffs anticipated filing a motion to consolidate the two cases into the case at bar. The case at bar is the only open case available to the parties to have the settlement agreement reviewed and approved by a Court and thus the motion was filed herein. The defendant has subjected the settlement of these matters to court approval despite the acknowledged fact that federal law does not require the same, thus the motion was filed herein.

The student has thus far received none of the intended benefits from the settlement agreement including an education during the Summer of 2022 or support for the 2022-2023 school year. Because of the nature of education, J.C. necessarily had to begin school in August 2022 in a new school district (as is a condition of the settlement agreement). Remaining in the Broward County School system in the summer of 2022 and the 2022-2023 school year would have been detrimental to the student and would have caused further harm to the student. The Administrative Law Judge had already found that the defendant had violated the rights of the student and his parents, and a second administrative complaint was filed for continued violations. Thus, despite the pending approval, the Plaintiffs made the agonizing decision to forgo summer school and begin in a new school district in August 2022. The defendant however maintains the following position,

4

"Because fulfilment of the parties' duties under the Agreement is contingent upon court approval, the terms and conditions of the Agreement cannot be fully executed until court approval occurs.". Thus, the parties remain in limbo pending court approval. The defendant however has no incentive for this settlement to be approved. They are not incurring any interest and no longer have the responsibility of educating this student. Its effort to push this student out of the Broward County public school system has been completely successful. The only person suffering because of this delay is the student. The Plaintiffs entered into this settlement agreement in good faith in May 2022. The defendant successfully delayed the agreement being finalized by pushing school board approval into July 2022 and now there has been another delay because of the defendant's requirement to have this agreement approved by this Court.

The Plaintiffs maintain and join with the defendant that the Court has jurisdiction under its federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Count II raises a claim under Title II of the Americans with Disabilities Act ("ADA") and Count III raises a claim under § 504 of the Rehabilitation Act. Further, this Court has jurisdiction over the Plaintiffs' state law claims for breach of a mediated settlement agreement (Count I) and discrimination under the Florida Educations Equity Act pursuant to 28 U.S.C. § 1367(a) under the Court's supplemental jurisdiction. This Court has jurisdiction in the related case of School Board of Broward County v. J.C., a minor, Case No. 22-cv-60707, under 28 U.S.C. § 1331 as the case presents a federal question and this Court has the lower case number.

Despite all of the above, the parties have subjected themselves and consented to this Court's jurisdiction. With this consent by both parties, the Plaintiffs argue that this Court has jurisdiction to review and if satisfied, approve the global settlement agreement pending before this

5

Court. If however, this court were not to approve the settlement, the Plaintiffs request that this matter be set for trial in the normal course and without any further delay so that this matter might be heard on the merits.

Respectfully submitted this 3rd day of February, 2023.

By: /s/ *Stephanie Langer*

Stephanie Langer, Esq.
Fla. Bar. No.: 149720
Langer Law, P.A.
2990 SW 35th Avenue
Miami, Florida 33133
Telephone: (305)570-0940
Fax: (305) 204-9602
slanger@langerlawpa.com
admin@langerlawpa.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of February, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of records or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Stephanie Langer*

Stephanie Langer, Esq.
Fla. Bar. No.: 149720

**SERVICE LIST**

Michael T. Burke, Esquire
Hudson C. Gill, Esquire
Burke@jambg.com; Cardona@jambg.com
hgill@jambg.com; diaz@jambg.com